UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Daniel Louis Thorman,

        Petitioner,          Case Number: 25-13131
                                                  Honorable F. Kay Behm

v.

Fred Miller, et al.,

        Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING CASE**

Plaintiff Daniel Louis Thorman is a prisoner in the custody of the Michigan Department of Corrections. Thorman filed this *pro se* complaint pursuant to 42 U.S.C. § 1983. Thorman's offender profile from the Michigan Department of Corrections Offender Tracking Information System ("OTIS"), shows that, in 2024, he pleaded no contest in Lapeer County Circuit Court to accosting a child for immoral purposes, Mich. Comp. Laws § 750.145a, and aggravated possession of child sexually abusive material, Mich. Comp. Laws § 750.145c(4)(a). He received a cumulative sentence of two to ten years. Thorman's complaint concerns this state court criminal proceeding. He claims that he was denied the effective assistance of counsel, denied due process, and wrongfully convicted and sentenced. (Compl., ECF No.1, PageID.3-5.) He seeks $ 350,000 in damages. (*Id.* at PageID.8.)

A claim under 42 U.S.C. § 1983 is an appropriate remedy for a prisoner challenging a condition of imprisonment. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). If it would, the § 1983 claim is not cognizable and "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* Unless a state prisoner's conviction has been previously invalidated, the prisoner's "§ 1983 action is barred ... no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Thorman attacks the fairness of the state-court criminal proceeding which resulted in his present confinement but does not claim that his convictions have been invalidated by state officials or by a federal judge on habeas review. If he were to prevail in this action, his continued confinement would be called into question. Consequently, a civil rights complaint is not the proper avenue for seeking relief and the complaint will be dismissed.

Thorman may challenge the validity of his state court convictions by filing a federal habeas corpus petition pursuant to 28 U.S.C. § 2254. If he moves forward with a § 2254 habeas petition, Thorman should be aware that he must have exhausted his state court remedies before seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(b). The Court will direct the Clerk to send Thorman a copy of the form petition under 28 U.S.C. § 2254.

Accordingly, the Court DISMISSES the complaint. Because the Court is dismissing the complaint pursuant to *Heck v. Humphrey*, the dismissal will be without prejudice. *See Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 767 (6th Cir. 2015).

The Court certifies that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

The Clerk of Court is DIRECTED to mail Petitioner a § 2254 form (AO 241).

IT IS SO ORDERED.

Dated: October 28, 2025               s/F. Kay Behm
                                      F. Kay Behm
                                      United States District Judge